Traeger Machetanz (ABA 8411127)
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Tel: (907) 276-4557
Fax: (907) 276-4152

Attorneys for Plaintiffs

IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF ALASKA
AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and purpose of THE SUPERIOR GROUP, INC. d/b/a SUPERIOR PLUMBING & HEATING, Inc., an Alaska corporation; UNITED STATES OF AMERICA for the use and purpose of THE SUPERIOR GROUP, INC. d/b/a HAAKENSON ELECTRIC, an Alaska company; and UNITED STATES OF AMERICA for the use and purpose of THE SUPERIOR GROUP, INC. d/b/a ALASKA SHEETMETAL, Inc. an Alaska corporation,<br><br>     Plaintiffs,<br><br>vs.<br><br>KICC-ALCAN GENERAL, JOINT VENTURE, an Alaskan joint venture; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>     Defendants. | Case No. 3:14-cv-_____<br><br><br>**MILLER ACT COMPLAINT** |

Miller Act Complaint                   *The Superior Group, Inc., et al. v. KICC Alcan Gen.*
Page 1 of 9                            Case No. 3:14-cv-
4815-0623-4400\4

Case 3:14-cv-00212-TMB   Document 1   Filed 11/05/14   Page 1 of 9

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff United States of America is a party to this action pursuant to the provisions of 40 U.S.C. § 3131, *et seq*.

2. Use Plaintiff The Superior Group, Inc. is an Alaska corporation, with its principal place of business in Anchorage, Alaska, in good standing, having paid all taxes and filed all reports which are a prerequisite to its right to bring this action. With respect to some or all of the events relevant to this action, The Superior Group, Inc. was doing business as Superior Plumbing and Heating, Inc. ("Superior"), Haakenson Electric ("Haakenson"), and Alaska Sheetmetal, Inc. ("ASM") (collectively herein after "Plaintiffs"). At all times relevant to this action, KICC-Alcan was aware that The Superior Group, Inc. did business under the Superior, Haakenson, and ASM names.

3. Based on information and belief, defendant KICC-Alcan is an Alaskan joint venture, with its principal place of business in the Third Judicial District of Alaska.

4. Based on information and belief, defendant Travelers Casualty and Surety Company of America ("Travelers") is a Connecticut corporation providing payment bonds in the State of Alaska.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## THE FTR-271 BRIGADE AND BATTALION HQ PROJECT

6. Plaintiffs hereby re-allege the allegations made in paragraphs 1 through 5 above and further state and allege as follows:

7. Based on information and belief, on or about May 3, 2012, the United States Army Corps of Engineers ("USACE") entered into a contract with KICC-Alcan

Miller Act Complaint
Page 2 of 9
4815-0623-4400\4

*The Superior Group, Inc., et al. v. KICC Alcan Gen.*
Case No. 3:14-cv-

Case 3:14-cv-00212-TMB   Document 1   Filed 11/05/14   Page 2 of 9

(the "Prime Contract") for the construction of the FTR-271 Brigade and Battalion Headquarters at Joint Base Elmendorf-Richardson (the "Project").

8. The Project consists of the construction of two 2-story office buildings connected by a breezeway corridor, with a total square footage of 60,000 square feet.

9. On or about May 11, 2012, KICC-Alcan, as principal, and defendant Travelers, as surety, issued Payment Bond No. 105780653 guaranteeing full payment to persons or entities who supplied labor and/or materials in connection with the Project, including the Plaintiffs. A true and accurate copy of the Bond is attached as **Exhibit 1**.

10. On or about May 21, 2012, KICC-Alcan subcontracted the plumbing, HVAC, and other related work for the Project to Superior. A copy of Superior's subcontract is attached hereto as **Exhibit 2**.

11. On or about July 19, 2012, Superior sub-subcontracted a portion of the HVAC work for the Project to ASM. A copy of the subcontract between Superior and ASM is attached hereto as **Exhibit 3**.

12. On or about May 21, 2012, KICC-Alcan subcontracted the electrical work, and other related work for the Project to Haakenson. A copy of Haakenson's subcontract is attached hereto as **Exhibit 4**.

13. During the course of the Project, the Plaintiffs' respective work was repeatedly delayed by the actions of KICC-Alcan and/or the USACE. The Plaintiffs were directed by KICC-Alcan to accelerate their efforts to compensate for the delays, which caused the Plaintiffs to incur increased project management costs, increased direct and indirect overhead costs, additional field labor costs, and reduced labor crew productivity.

Miller Act Complaint *The Superior Group, Inc., et al. v. KICC Alcan Gen.*
Page 3 of 9 Case No. 3:14-cv-
4815-0623-4400\4

Case 3:14-cv-00212-TMB Document 1 Filed 11/05/14 Page 3 of 9

14. Under the original Project schedule, excavation work was to begin on June 18, 2012 with substantial completion date of December 23, 2013. The majority of the work to be performed by the Plaintiffs was scheduled to begin on or about November 29, 2012.

15. However, when soil excavation began contaminated soils were discovered at the Project site and completion of the soil excavation took over three months, rather than the five days originally scheduled – causing the Project to be delayed between 80-120 days from the outset. These initial delays, which were not adequately addressed by KICC-Alcan in the Project schedule, caused a ripple effect that impacted the entire Project Schedule as work was performed out of sequence causing inefficiencies and additional delays.

16. In addition to the initial Project delays, the Project schedule was further hindered by a lack of timely responses by the USACE and/or KICC-Alcan to requests for information or in processing Contract modifications as well as delays related to the structural steel design for the Project. The structural steel delays impacted the completion of framing of the buildings, which in turn directly impacted the Plaintiffs' work.

17. Despite these issues and impacts, KICC-Alcan directed the Plaintiffs to continue to attempt to meet the original Project schedule – which caused accelerated efforts and loss of productivity as trades were inefficiently stacked to perform the work.

18. KICC-Alcan directed the Plaintiffs and other subcontractors to add manpower to accelerate the performance of the work, which resulted in further crowding

Miller Act Complaint *The Superior Group, Inc., et al. v. KICC Alcan Gen.*
Page 4 of 9 Case No. 3:14-cv-
Case 3:14-cv-00212-TMB   Document 1   Filed 11/05/14   Page 4 of 9
4815-0623-4400\4

and difficulties in executing the Contract work. These issues were repeatedly raised with KICC-Alcan but KICC-Alcan continued to direct the Plaintiffs to complete the work according to the original Project schedule.

19. These issues were specifically acknowledged and documented by KICC-Alcan in the Project daily reports.

20. When KICC-Alcan did negotiate certain Contract time extensions with the USACE, these Contract modifications did not include compensation for the acceleration costs and productivity and related losses incurred by the Plaintiffs. KICC-Alcan did not include the Plaintiffs' cost impacts in its negotiations with the USACE.

21. The delays, acceleration, and related impacts caused an increase in the cost of performance for each Plaintiff. Superior incurred damages of $834,485, Haakenson incurred damages of $1,040,922, and ASM incurred damages of $107,560.

22. Superior completed its work on the Project on April 15, 2014, Haakenson completed its work on the Project on March 26, 2014, and ASM completed its work on the Project on March 6, 2014.

23. On April 3, 2014, ASM provided notice to KICC-Alcan, pursuant to 40 U.S.C. § 3133(b)(2), that it completed its work on or about March 6, 2014 and ASM was still owed $162,000 at that time. Attached hetero as **Exhibit 5** is a true and correct copy of ASM's Miller Act Notice.

24. The Plaintiffs have made repeated demands for payment from KICC-Alcan for the increased costs incurred in performing their respective subcontract work. KICC-Alcan has failed to adequately respond to those demands.

Miller Act Complaint *The Superior Group, Inc., et al. v. KICC Alcan Gen.*
Page 5 of 9 Case No. 3:14-cv-
4815-0623-4400\4

Case 3:14-cv-00212-TMB   Document 1   Filed 11/05/14   Page 5 of 9

## CAUSES OF ACTION

### COUNT I.
### CLAIM AGAINST PAYMENT BOND

25. The Plaintiffs reallege the statements made in paragraphs 1 through 24 as if fully set forth herein.

26. The Project for which the labor and materials were provided is a federal construction contract, which requires a payment bond under 40 U.S.C. Section 3131, et seq. (the "Miller Act").

27. More than 90 days, but less than one year has elapsed since the Plaintiffs' performed work on the Project.

28. Despite demand, KICC-Alcan has failed to pay the amounts claimed by the Plaintiffs.

29. In accordance with the terms of the Bond and the Miller Act, defendant Travelers is liable to Superior for the principal sum of $834,485, to Haakenson for the principal sum of $1,040,922, and to ASM for the principal sum of $107,560, and the Plaintiffs are entitled to recovery against the Bond.

### COUNT II.
### SUPERIOR: BREACH OF EXPRESS CONTRACT

30. Plaintiffs hereby re-allege the allegations made in paragraphs 1 through 29 above and further state and allege as follows:

31. Superior and KICC-Alcan entered into a contract under which Superior would supply certain services and labor for the Project and KICC-Alcan would pay Superior for that work.

Miller Act Complaint  *The Superior Group, Inc., et al. v. KICC Alcan Gen.*
Page 6 of 9  Case No. 3:14-cv-
4815-0623-4400\4

Case 3:14-cv-00212-TMB   Document 1   Filed 11/05/14   Page 6 of 9

32. Superior and its subcontractor ASM did supply the services and labor required by Superior's subcontract with KICC-Alcan, which services and labor were accepted by KICC-Alcan and incorporated into the Project, but KICC-Alcan has failed to pay Superior and ASM in full for the services and labor provided.

33. KICC-Alcan's failure and/or refusal to pay Superior in full constitutes a breach of the parties' contract.

34. As a direct and proximate result of the breach, Superior and ASM have suffered damages in the amount of $942,045, plus interest. The exact amount will be proven at trial.

## COUNT III.
## HAAKENSON: BREACH OF EXPRESS CONTRACT

35. Plaintiffs hereby re-allege the allegations made in paragraphs 1 through 34 above and further state and allege as follows:

36. Haakenson and KICC-Alcan entered into a contract under which Haakenson would supply certain services and labor for the Project and KICC-Alcan would pay Haakenson for that work.

37. Haakenson did supply the services and labor required by Haakenson's subcontract with KICC-Alcan, which services and labor were accepted by KICC-Alcan and incorporated into the Project, but KICC-Alcan has failed to pay Haakenson in full for the services and labor provided.

38. KICC-Alcan's failure and/or refusal to pay Haakenson in full constitutes a breach of the parties' contract.

Miller Act Complaint  *The Superior Group, Inc., et al. v. KICC Alcan Gen.*
Page 7 of 9  Case No. 3:14-cv-
4815-0623-4400\4

Case 3:14-cv-00212-TMB   Document 1   Filed 11/05/14   Page 7 of 9

39. As a direct and proximate result of the breach, Haakenson has suffered damages in the amount of $1,040,922, plus interest. The exact amount will be proven at trial.

## COUNT IV.
## QUANTUM MERIUT

40. The Plaintiffs reallege the statements made in paragraphs 1 through 39 as if fully set forth herein.

41. The Plaintiffs provided valuable labor and services to KICC-Alcan that were necessary for KICC-Alcan to perform and complete its obligations under the Prime Contract with the USACE for the Project.

42. KICC-Alcan also benefitted from the Plaintiffs' labor and services, including but not limited to the fact that KICC-Alcan could not have fully performed and completed its obligations to the USACE in the absence of the labor and services that the Plaintiffs provided.

43. KICC-Alcan has failed and refused to pay the Plaintiffs for the labor and services referenced herein.

44. The Plaintiffs have suffered damages and KICC-Alcan has been unjustly enriched in an amount totaling not less than $1,982,967, the value of the uncompensated labor and services provided to KICC-Alcan.

Miller Act Complaint *The Superior Group, Inc., et al. v. KICC Alcan Gen.*
Page 8 of 9 Case No. 3:14-cv-
4815-0623-4400\4

Case 3:14-cv-00212-TMB   Document 1   Filed 11/05/14   Page 8 of 9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A.  Judgment for actual damages in an amount not less than Eight Hundred Thirty-Four Thousand Four Hundred Eight-Five Dollars ($834,485) for Superior; One Million Forty Thousand Nine Hundred Twenty-Two Dollars ($1,040,922) for Haakenson, plus interest; and One Hundred Seven Thousand Five Hundred Sixty Dollars ($107,560) for ASM, plus interest, the exact amounts of which will be proven at trial.

B.  Pre- and post-judgment interest as allowed by the applicable statutes and civil rules.

C.  Actual reasonable attorneys' fees as allowed by the applicable statutes and civil rules.

D.  Costs as allowed by the applicable statutes and civil rules.

E.  Such other relief as the court may deem just and equitable under the circumstances.

DATED this 4th day of November, 2014, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By: s/Traeger Machetanz
Traeger Machetanz, ABA 8411127
machetanz.traeger@dorsey.com

Miller Act Complaint — *The Superior Group, Inc., et al. v. KICC Alcan Gen.*
Page 9 of 9 — Case No. 3:14-cv-
4815-0623-4400\4

Case 3:14-cv-00212-TMB   Document 1   Filed 11/05/14   Page 9 of 9