Traeger Machetanz (ABA 8411127)
DAVIS WRIGHT TREMAINE LLP
188 West Northern Lights Blvd, Suite 1100
Anchorage, AK 99503-3985
Main: (907) 257-5300
Facsimile: (907) 257-5399
Email: traegermachetanz@dwt.com

Attorneys for Plaintiffs

IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF ALASKA
AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and purpose of THE SUPERIOR GROUP, INC. d/b/a SUPERIOR PLUMBING & HEATING, INC., an Alaska corporation; UNITED STATES OF AMERICA for the use and purpose of THE SUPERIOR GROUP, INC. d/b/a HAAKENSON ELECTRIC, an Alaska company; and UNITED STATES OF AMERICA for the use and purpose of THE SUPERIOR GROUP, INC. d/b/a ALASKA SHEETMETAL, INC., an Alaska corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>KICC-ALCAN GENERAL, JOINT VENTURE, an Alaskan joint venture; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Defendants. | Case No. 3:14-cv-00212-TMB<br><br><br>**AMENDED SCHEDULING AND PLANNING CONFERENCE REPORT** |

AMENDED SCHEDULING AND PLANNING REPORT
Page 1 of 7
DWT 25920337v1 0103244-000002

*The Superior Group, Inc., et al. v. KICC Alcan Gen.*
Case No. 3:14-cv-00212-TMB

Case 3:14-cv-00212-TMB   Document 18   Filed 01/29/15   Page 1 of 7

**I. Meeting.** In accordance with Rule 26(f), Federal Rules of Civil Procedure, a meeting was held on January 23, 2015 and was attended by:

- Traeger Machetanz, Davis Wright Tremaine LLP
- Lane Tucker, Stoel Rives LLP

As a result of that meeting, the parties recommend the following:

**II.     Disclosures.**  The information required by Fed. R. Civ. P. 26(a)(1):

   A.  ☐  Has been exchanged by the parties.

   B.  ☒  Will be exchanged by the parties on or before February 27, 2015.

   C.  Preliminary witness lists:

       1.  ☐  Have been exchanged by the parties.

       2.  ☒  Will be exchanged by the parties on or before February 27, 2015.

**III.    Contested Issues of Fact and Law.**  Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court:

   (1) Who breached its contract with the other party, and what are the damages.

   (2) Are plaintiffs' entitled to recover, in whole or in part, upon their claims.

   (3) Are plaintiffs' claims barred, in whole or in part, by defendants' affirmative defenses.

   (4) Are defendants' entitled to recover, in whole or in part, upon their counterclaims.

   (5) Are defendants' counterclaims barred, in whole or in part, by plaintiff's affirmative defenses.

**IV.     Discovery Plan.**  The parties jointly propose to the court the following discovery plan.

   A.  The parties expect that discovery will be needed on the following issues:

   What party breached the contract and what are the damages.

AMENDED SCHEDULING AND PLANNING REPORT
Page 2 of 7

*The Superior Group, Inc., et al. v. KICC Alcan Gen.*
Case No. 3:14-cv-00212-TMB

DWT 25920337v1 0103240-009002

Case 3:14-cv-00212-TMB   Document 18   Filed 01/29/15   Page 2 of 7

B.  Are there issues about preserving discovery information? ☐ Yes ☒ No

C.  Disclosure or discovery of electronically stored information should be handled as follows:   Parties to exchange relevant electronically stored information electronically.

D.  Claims of privilege or of protection of trial preparation materials.

   1.  ☐ There is no indication that this will be an issue.

   2.  ☐ The parties have entered into a confidentiality agreement.

   3.  ☒ The parties will submit their proposed confidentiality agreement on or before: February 27, 2015, if deemed necessary.

E.  Disclosure of expert reports:

   1.  ☒ By all parties on or before:  October 23, 2015.

   2.  ☐ By plaintiff(s) on or before:  (date)

   3.  ☐ By defendant(s) on or before:  (date)

   4.  ☐ Rebuttal reports on or before:  (date) -- at this point no rebuttal reports are anticipated.

F.  Supplementation of disclosures and discovery responses under Fed. R. Civ. P. 26(e):

   1.  ☒ At intervals of 60 days; and final supplements will be served and filed 60 days before the close of fact discovery.

   2.  ☐ As new information is acquired, but not later than 60 days before the close of fact discovery.

AMENDED SCHEDULING AND PLANNING REPORT
Page 3 of 7
*The Superior Group, Inc., et al. v. KICC Alcan Gen.*
Case No. 3:14-cv-00212-TMB

Case 3:14-cv-00212-TMB   Document 18   Filed 01/29/15   Page 3 of 7

G. A final witness list disclosing all lay and expert witnesses whom a party may wish to call at trial will be served and filed: October 2, 2015.[1]

H. Time for completing discovery:

1. ☒ Fact discovery will be completed on or before: November 20, 2015;

2. ☒ Expert discovery will be completed on or before: December 18, 2015; and

3. ☒ All written discovery will be served on or before:

- Requests for Production of Documents on or before September 18, 2015.
- Requests for Admission on or before October 18, 2015.

I. Limitations on discovery.

1. ☐ The limitations contained in Fed. R. Civ. P. 26(b), 30, and 33 will apply except as indicated below. This report will be supplemented with respect to this item I.1-5 within 30 days of the parties' receipt of initial disclosures.

2. ☐ The maximum number of depositions by each party will not exceed (number).

   (a) Depositions will not exceed (Number) hours as to any deponent.

   (b) Depositions will not exceed (Number) hours as to non-party deponents.

   (c) Depositions will not exceed (Number) hours as to party deponents.[2]

3. ☐ The maximum number of interrogatories posed by each party will not exceed (Number)

---

[1] This date may be more than but not less than 45 days <u>prior to</u> the close of discovery. Only those witnesses disclosed at this time will be permitted to testify at trial.

[2] Unless otherwise specified, the court will consider corporate officer, Rule 30(b)(6) witness, and expert witness depositions to be subject to the time limitation applicable to party depositions.
AMENDED SCHEDULING AND PLANNING REPORT
Page 4 of 7
*The Superior Group, Inc., et al. v. KICC Alcan Gen.*
Case No. 3:14-cv-00212-TMB

DWT 25980337v1 0103244-009002

Case 3:14-cv-00212-TMB   Document 18   Filed 01/29/15   Page 4 of 7

    4. ☐ The maximum number of requests for admissions posed by each party will not exceed (Number)

    5. ☐ Other limitations: (insert other limitations)

## V. Pretrial Motions.

A. ☐ Are there preliminary motions as to jurisdiction, venue, arbitration, and/or statutes of limitation (see D. Ak. L.R. 16.1(c)(5)) that should be filed within 60 days. ☐ Yes ☒ No

B. ☒ Motions subject to D. Ak. L.R. 16.1(c)(6)–(8) and Fed. R. Civ. P. 56(b):

    1. ☐ Will be served and filed within the times specified in the applicable rules.

    2. ☒ Motions to amend pleadings or add parties will be filed not later than March 13, 2015.

    3. ☒ Motions under the discovery rules will be filed not later than January 15, 2016.

    4. ☒ Motions *in limine* will be filed not later than January 15, 2016.

    5. ☒ Dispositive motions (including motions for summary judgment) will be filed not later than January 22, 2016.

## VI. Other Provisions:

A. The parties ☐ do ☒ do not request a conference with the court before the entry of a scheduling order. (If the parties *do* request a conference prior to entry of the order, please explain): (Explanation)

B. The parties ☐ do ☒ do not consent to trial before a magistrate judge.

AMENDED SCHEDULING AND PLANNING REPORT
Page 5 of 7

*The Superior Group, Inc., et al. v. KICC Alcan Gen.*
Case No. 3:14-cv-00212-TMB

DWT 25980377v1 0103244-000002

Case 3:14-cv-00212-TMB   Document 18   Filed 01/29/15   Page 5 of 7

C.  The disclosure requirements of Fed. R. Civ. P. 7.1, if applicable:

1.  ☐  Have been complied with.

2.  ☒  Compliance will be accomplished on or before February 12, 2015.

D.  Early settlement/alternative dispute resolution.

1.  ☐  Do the parties request immediate assistance by way of a settlement conference or alternative dispute resolution?  ☐ Yes  ☒ No      If Yes, explain (Explanation).

2.  ☒  Do the parties wish to consider private mediation or settlement conference with a judicial officer of this court at a later date?  ☒ Yes  ☐ No.

E.  The scheduling order will make provision for pretrial conferences, certification of the case as ready for trial, and a final pretrial order.

## VII.  Trial.

A.  The case is expected to take 12 days to try.  The parties request that trial be set for March 21, 2016, and continue until completed.

B.  1.  A jury trial has been demanded.  ☒ Yes  ☐ No

2.  The right to a jury trial ☐ is ☒ is not disputed.

## VIII. Report Form.

A.  ☐  Have counsel experienced any problem(s) in using this form?  ☐ Yes  ☒ No. If yes, explain (Explanation).

B.    Are there subjects that counsel would like to see added to this form? ☒ Yes  ☐ No.

Discovery entry.  Close to written discovery -- could be another.

AMENDED SCHEDULING AND  *The Superior Group, Inc., et al. v. KICC Alcan Gen.*
PLANNING REPORT
Page 6 of 7  Case No. 3:14-cv-00212-TMB
DWT 25980371v1 0324440-000002
Case 3:14-cv-00212-TMB   Document 18   Filed 01/29/15   Page 6 of 7

DATED this 29th day of January, 2015, at Anchorage, Alaska.

          DAVIS WRIGHT TREMAINE LLP

          By: s/Traeger Machetanz
               Traeger Machetanz (ABA 8411127)
               Email: traegermachetanz@dwt.com

          Attorneys for Plaintiffs

          STOEL RIVES LLP

          By: s/S. Lane Tucker
               S. Lane Tucker (ABA 0507011)
               Email: lane.tucker@stoel.com

          Attorneys for KICC-Alcan JV and
          Travelers Casualty and Surety
          Company of America

AMENDED SCHEDULING AND       *The Superior Group, Inc., et al. v. KICC Alcan Gen.*
PLANNING REPORT
Page 7 of 7       Case No. 3:14-cv-00212-TMB
DWT 25980337v1 0103244-000002

Case 3:14-cv-00212-TMB    Document 18    Filed 01/29/15    Page 7 of 7